[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION de MOTION TO REOPEN JUDGMENT (#112, #113)
This case was assigned a "day certain" trial date of March 11, 1993 by computer notice generated on January 28, 1993. On the day of trial the defendant appeared with his counsel prepared to proceed. The plaintiff's attorney appeared but could not account for the absence of her client. The court denied the request for continuance made by the plaintiff's attorney. The court then dismissed the complaint for failure of the plaintiff to appear and prosecute it and proceeded to hear the defendant on the cross CT Page 4419 complaint. At the end of the evidence, the court ruled from the bench. By motion filed March 19, 1993 the plaintiff has now moved to set aside the dismissal of her complaint and the judgment of dissolution.
The plaintiff appeared and testified at the hearing on the present motion. She explained that she went to a Danbury area motel on the day before the hearing and there proceeded to consume alcoholic beverage until she lost consciousness. She was admitted to Danbury Hospital on March 11, 1993, suffering the after effects of her drinking bout along with some decade old pills she ingested.
The plaintiff cites 46b-85 to be considered by the court. This case was brought by writ dated August 6, 1991 with an attendant 46b-15 restraining order issued on August 8, 1991. Prior to March 11, 1993, there was no hint of mental illness, no allegations of same and no prayer for relief concerning support for a mentally ill party.
The plaintiff relies on 52-212 and 52-212a, Connecticut General Statutes.
The court finds that the plaintiff's conduct was voluntary, its consequences predictable, and therefore not caused by mistake, accident or other reasonable cause. The court notes that the plaintiff also failed to attend the mandated pretrial settlement conference. The court does not find good cause to reopen the judgment, Paddock v. Paddock, 22 Conn. App. 367.
The plaintiff's motion to set aside judgment is denied.
HARRIGAN, J.